**MING WEI ZHENG, Petitioner,**

v.

**Peter D. KEISLER,[1] Acting U.S. Attorney General, Respondent.**

No. 07–0637–ag.

United States Court of Appeals, Second Circuit.

Oct. 12, 2007.

Robert J. Adinolfi, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Michelle Gorden Latour, Assis-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

tant Director, Joseph A. O'Connell, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. THOMAS J. MESKILL, Hon. CHESTER J. STRAUB and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Ming Wei Zheng, a native and citizen of China, seeks review of a January 24, 2007 order of the BIA denying his "Motion to Reconsideration." *In re Min Wei Zheng*, No. A78 214 310 (B.I.A. Jan. 24, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34 (quoting *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal quotation omitted)).

As an initial matter, Zheng's argument that he received ineffective assistance of counsel from Karen Jaffe in filing his second motion to reopen before the BIA is not properly before this Court because Zheng has never raised such a claim before the BIA. *See* 8 U.S.C. § 1252(d)(1);

*Yi Long Yang v. Gonzales*, 478 F.3d 133, 142 (2d Cir.2007) ("We generally require that ineffective assistance claims be presented in the first instance to the BIA, either through a motion to reopen or on direct appeal.").

With respect to Zheng's ineffective assistance claim against attorney Jaime H. Castiblanco, we find that the BIA did not abuse its discretion in denying Zheng's motion to reopen. Although Zheng substantially complied with the requirements set forth in *In re Lozada*, 19 I. & N. Dec. 637 (BIA 1988), he has not demonstrated prejudice. *See Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir.1994) (holding that an alien must demonstrate actual prejudice to prevail on an ineffective assistance claim).

It is undisputed that Castiblanco filed Zheng's first motion to reopen out of time. This untimely filing meant that to prevail he would have had to demonstrate changed country conditions, 8 C.F.R. § 1003.2(c)(3), as opposed to previously unavailable material evidence, *id.* § 1003.2(c)(1). To the extent that Zheng sought reopening based only on his submission of allegedly previously unavailable evidence, the untimely filing of his motion effectively prevented the BIA from considering that evidence and it denied Zheng's motion based on his failure to demonstrate changed country conditions. Thus, Zheng would demonstrate prejudice only if the evidence he submitted, properly considered, would have led the BIA to reopen his case. *See Esposito v. INS*, 987 F.2d 108, 111 (2d Cir.1993) (per curiam).

That evidence, however, was not material to his claim. *See* 8 C.F.R. § 1003.2(c)(3)(ii) (requiring that new evidence be material to an alien's claim). The letter from Zheng's wife described the IUD examinations she was allegedly

forced to undergo on a regular basis and the medical certificate showed the dates on which she had allegedly been examined. However, Zheng had already testified that his wife had been forced to wear an IUD, and that testimony had been rejected as not credible. Because Zheng did not seek review of the BIA's affirmance of that credibility determination, he was not entitled to attack that finding through a motion to reopen. *See Paul v. Gonzales*, 444 F.3d 148, 153 (2d Cir.2006) ("[W]here an asylum applicant does not file a timely appeal disputing the BIA's affirmance of the IJ's credibility ruling, a motion to reopen does not provide a collateral route by which the alien may challenge the validity of the original credibility determination"). Accordingly, because Zheng failed to demonstrate prejudice, the BIA did not abuse its discretion in denying Zheng's motion.[2]

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

**2.** To the extent the BIA construed Zheng's motion as a motion to reconsider, Zheng has not challenged the denial of the motion on this ground and, thus, has waived any such argument. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

